Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JAMIL GULMANN SHIHAB, p/k/a JAMIL GS, an individual,

Plaintiff,

v.

TRILLER INC, a Delaware Corporation, individually, and doing business as VERZUZ; and DOES 1-10,

Defendants.

Case No.:

**Plaintiffs' Complaint for**:

1. Copyright Infringement
2. Vicarious and/or Contributory Copyright Infringement

**Jury Trial Demanded**

Plaintiff, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. JAMIL GULMANN SHIHAB, p/k/a JAMIL GS is an individual currently residing in Denmark.

5. Plaintiff is informed and believes and thereon alleges that Defendants TRILLER INC. is a Delaware corporation with a principal place of business at doing business at 2121 Avenue of the Stars; Suite 2350, Los Angeles, California 90067. Plaintiff is informed and believes that TRILLER INC. is doing business as VERZUZ (collectively "VERZUZ").

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**INTRODUCTION AND STATEMENT OF FACTS**

8. Plaintiff brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of his original photography by Defendants. JAMIL GS is well-renowned for, amongst other things, his photography of hip-hop music and culture. He has collaborated with numerous artists and brands and has been exhibited in world-famous galleries and shows around the globe.

9. JAMIL GS created photographs that depicted the musicians known, amongst other names, as Raekwon, and Ghostface Killah ("Subject Photographs") and registered the works with the U.S. Copyright Office under VA-2-222-997. The Subject Photographs are depicted on the left side column of the below illustrative chart and have been misappropriated and published without permission (or payment of a licensing fee) by Defendants' for-profit website. Defendants misappropriated, distributed, and published the Subject Photographs on its website and associated platforms, and did so without seeking authorization from, or even notifying, JAMIL GS. This is copyright infringement.

10. VERZUZ is a live music streaming entertainment platform that derives revenues in large part from advertising. On or about March 15, 2021, VERZUZ published the Subject Photographs as key art as part of advertising on their brand

Instagram and Twitter pages for a live music "battle" between Raekwon and Ghostface Killah without JAMIL GS's attribution and without his consent ("Subject Posts"). Images of the Subject Posts are set forth below.

11. JAMIL GS created the Subject Photographs and owns all rights in said photographs and did not consent to the use at issue.

12. Plaintiff is informed and believes and thereon alleges that Defendants accessed the Subject Photographs via an online search-and-copy campaign and then published and exploited it without the authorization of Plaintiff. A true and correct comparison of Plaintiff's Subject Photographs and Defendant's unlawful exploitation are set forth below:

| SUBJECT PHOTOGRAPHS: | SUBECT POSTS: |
| --- | --- |
| | |


69
KODAK VPS 6006
68
RIKER'S ISLAND
C-76


10:39
Post
verzuztv
RIKER'S ISLAND
C-76
Liked by datwon and 16,988 others
verzuztv NEXT SATURDAY it's a hip-hop holiday with Tony Starks and Lex Diamonds 🔥🔥🔥 Tag your #VERZUZ watch partner.
Add a comment as jamilgshere...


Instagram
Search
verzuztv
Message
2 100 4
276 posts 5.5m followers 128 following
Verzuz
#VERZUZ | Raekwon vs Ghostface Killah
Saturday, March 20 | 5PM PT / 8PM ET
Watch HERE or in the @triller app.
Followed by adriennemareebrown, throwback_buzz, andre_trenier +118 more
REMINDER
VERZUZ x ...
BILLBOARD
VERZUZ E...
POSTS
REELS
IGTV
TAGGED
RAEKWON GHOSTFACE




13. VERZUZ published the above images on their Instagram and Twitter accounts.

14. Plaintiff at no point authorized Defendants, or any of them, to exploit the Subject Photographs as complained of herein. A comparison of the Subject Photographs with the Subject Posts reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are virtually identical.

15. On March 31, 2021, JAMIL GS issued a cease-and-desist demand to Defendants, requesting that they cease-and-desist in their exploitation of the Subject Photographs and provide certain information as to their exploitation of the work in question. Defendants failed to meaningfully respond, necessitating this action.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against all Defendants, and Each)

16. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing and/or derivative work from the Subject Photographs and by publishing the work which infringes the Subject Photographs to the public, including without limitation, on and through its website(s).

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photographs without Plaintiff's authorization or consent, creating an unlawful derivative work from the Subject Photographs.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on Plaintiff's website, publications, profiles, exhibitions and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source.

20. Plaintiff is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to traffic in the Subject Posts.

21. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act and/or precludes them from proffering certain defenses or legal positions in litigation.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

24. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

26. Plaintiff is informed and believes and thereon alleges that Defendants, knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction, publication, and distribution of the Subject Photographs as alleged hereinabove.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because

they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. Defendants, and each of them, also realized profits through their respective obtainment, distribution, and publication of the Subject Posts.

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs, in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act and/or precludes them from proffering certain defenses or legal positions in litigation.

## PRAYER FOR RELIEF

31. Wherefore, Plaintiff prays for judgment as follow against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyright in and to the Subject Photographs.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 505, 1203.

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 505, 1203;

d. That a trust be entered over the Subject Posts, and all profits realized through the infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 28, 2021

By: */s/ Scott Alan Burroughs*

Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
scott@donigerlawfirm.com
ftrechsel@donigerlawfirm.com
Attorneys for Plaintiff